```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
                          CAMDEN VICINAGE
```

| | |
|---|---|
| CAMDEN COUNTY HISTORICAL SOCIETY,<br><br>   Plaintiff,<br><br>   v.<br><br>STATE OF NEW JERSEY DEPARTMENT OF TRANSPORTATION, et al.,<br><br>   Defendants. | Civil No. 17-5270 (RMB/AMD)<br><br>**OPINION** |

APPEARANCES:

POSTERNOCK APELL, P.C.
By: Matthew R. Litt, Esq.
400 N. Church Street, Suite 250
Moorestown, New Jersey 08057
    Counsel for Plaintiff Camden County Historical Society

OFFICE OF THE ATTORNEY GENERAL OF NEW JERSEY
By: Brad M. Reiter, Esq.
    Fredric R. Cohen, Esq.
    Michael R. Sarno, Esq.
Richard J. Hughes Justice Complex
25 Market Street, P.O. Box 114
Trenton, New Jersey 08625
    Counsel for Defendants the New Jersey Department of
    Transportation, Richard T. Hammer, and David C. Mudge

OFFICE OF THE UNITED STATES ATTORNEY, DISTRICT OF NEW JERSEY
By: Elizabeth A. Pascal, Esq.
401 Market Street, P.O. Box 2098
Camden, New Jersey 08101
    Counsel for U.S. Department of Transportation;
    Secretary of the U.S. Department of Transportation,
    Elaine L. Chao; the Federal Highway Administration;
    and Former Acting Director of the Federal Highway
    Administration, Walter Waidelich, Jr.

**BUMB**, UNITED STATES DISTRICT JUDGE:

This suit arises out of the demolition of the historic Harrison House to make room for a federally-funded highway project. This opinion is the second of three opinions addressing the arguments raised by Defendants in their respective motions. The first opinion held that the National Historic Preservation Act, 54 U.S.C. § 306108 ("NHPA"), does not create a private right of action, and therefore dismissed Count 1 of the Amended Complaint. See Camden Cty. Historical Soc'y v. Dep't of Transportation, 371 F. Supp. 3d 187 (D.N.J. 2019). The Court will address, in a third opinion to be issued at a later date, the Federal Defendants' Motion for Summary Judgment as to the Administrative Procedure Act, 5 U.S.C. § 706(2)(a), claim against them (Count 2 of the Amended Complaint). This opinion addresses the State Defendants' argument that they are entitled to Eleventh Amendment sovereign immunity as to Plaintiff Camden County Historical Society's state law tort claims of fraudulent concealment of evidence and negligent spoliation of evidence (Counts 3 and 5 of the Amended Complaint). As set forth below, the Court holds that the State of New Jersey has not waived its Eleventh Amendment sovereign immunity to the state law claims asserted by the Historical Society and therefore the State Defendants' Motion to Dismiss will be granted.

**I.**

Plaintiff asserts that the State and Federal Defendants conspired to prevent the Harrison House from being formally recognized and protected as a historic building pursuant to the NHPA, and that by "initiat[ing] a furtive and expedited demolition" of the house in the early morning hours of March 3, 2017, while Plaintiff's state court application to temporarily enjoin the demolition was pending (Amend. Compl. ¶¶ 20-21), the State Defendants fraudulently concealed evidence and/or negligently spoliated evidence.

Relevant to the instant motion, the Amended Complaint alleges that "NJDOT was delegated responsibility for compliance with [the NHPA], and is therefore an 'agency official' as that term is defined by 36 CFR § 800.2." (Amend. Compl. ¶ 32)

**II.**

Rule 12(b)(1) motions may challenge subject-matter jurisdiction based upon the complaint's face or its underlying facts. Pittman v. Metuchen Police Dept., No. 08–2373, 2009 WL 3207854, *1 (D.N.J. Sept. 29, 2009) (citing James Wm. Moore, 2 Moore's Federal Practice § 12.30[4] (3d ed. 2007)). "A facial attack questions the sufficiency of the pleading, and in reviewing a facial attack, a trial court accepts the allegations in the complaint as true." Id.

**III.**

The Eleventh Amendment to the United States Constitution states that federal courts may not hear "any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State...." U.S. Const. XI. The amendment also applies to suits against states by their own citizens. Hans v. Louisiana, 134 U.S. 1 (1890). It is undisputed that this is a suit against the State of New Jersey in federal court and therefore the Eleventh Amendment bars the state law tort claims at issue unless, as the Historical Society asserts, the State Defendants have waived sovereign immunity.

Initially, the Historical Society argued that the State has waived sovereign immunity as to the state law claims through the New Jersey Tort Claims Act, N.J. Stat. Ann. § 59:2-2(a) (NJTCA), and has waived sovereign immunity as to the NHPA claim by accepting the delegation of authority pursuant to 36 CFR § 800.2. (Brief, Dkt. 73, p. 7-9)

The State Defendants, relying upon Hyatt v. Cty. of Passaic, 340 Fed. App'x 833, 837 (3d Cir. 2009), responded that the NJTCA does not waive Eleventh Amendment immunity. Indeed, Hyatt so holds, and several other courts, including this Court, have applied Hyatt's holding to conclude that the NJTCA does not waive New Jersey's sovereign immunity to suit in federal court.[1]

---

[1] Whether, or under what circumstances, the NJTCA waives New Jersey's sovereign immunity from suit in its own courts is a

4

See, e.g., Chitester v. Dep't of Child Prot. Permanency, 2018 WL 6600099 at *5 (D.N.J. Dec. 17, 2018); Dukes v. New Jersey Transit Corp., 2018 WL 1378726 at *5 (D.N.J. Mar. 19, 2018); Abulkhair v. Office of Attorney Ethics, 2018 WL 1352065 at *12 (D.N.J. Mar. 15, 2018), aff'd, 753 F. App'x 132 (3d Cir. 2018); Brown v. Ancora Psychiatric Hosp., 2012 WL 4857570 at *2 (D.N.J. Oct. 11, 2012) (Bumb, D.J.).

Faced with Hyatt, the Historical Society has now changed its argument. Whereas before, it argued that the delegation pursuant to 36 CFR § 800.2 which the State accepted effected a waiver of sovereign immunity as to the NHPA claim, and the NJTCA effected a waiver as to the state law claims, the Historical Society now argues that the acceptance of the delegation effects a waiver as to the state law claims. (Brief, Dkt. 78, p. 7) This argument confuses the two issues. The State Defendants could not have consented to be sued for state law tort claims by accepting a delegation under the federal NHPA and its regulations. At most, it might be argued that by accepting the delegation the State Defendants consented to be sued for NHPA violations-- indeed, that is what Plaintiff originally argued-- however, the Court need not (and does not) decide that issue[2]

---

different issue, which this Court need not, and does not, address.

[2] The Court notes that the State Defendants, relying on Seminole Tribe of Florida v. Florida, 517 U.S. 44, 55 (1996) and

5

because as this Court has already comprehensively explained in its previous opinion, the NHPA claim fails for an entirely independent reason: there is no private right of action under the NHPA. Camden Cty. Historical Soc'y, 371 F. Supp. 3d 187 (D.N.J. 2019).

A waiver of sovereign immunity is claim specific. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 121 (1984) ("A federal court must examine each claim in a case to see if the court's jurisdiction over that claim is barred by the Eleventh Amendment."). That the State of New Jersey is asserted to have waived sovereign immunity as to a claim under federal law that fails for an independent reason is irrelevant to the issue of whether the state has waived sovereign immunity as to state law claims allegedly arising out of the same case or controversy. In this regard, the Historical Society appears to confuse two distinct jurisdictional concepts. Even if, as the Historical Society asserts, New Jersey has waived its Eleventh Amendment immunity to the NHPA claim, thereby allowing the Court to exercise federal question subject matter jurisdiction over that claim pursuant to 28 U.S.C. § 1331, it does not follow that the Court may exercise supplemental jurisdiction over the other state law claims pursuant to 28 U.S.C. § 1367. The Eleventh

---

Dellmuth v. Muth, 491 U.S. 223, 229-30 (1989), assert that a state's sovereign immunity can only be abrogated by Congress through statute, not by a federal agency through regulation.

6

Amendment to the United States Constitution acts as an independent bar to this Court's exercise of statutory supplemental jurisdiction pursuant to § 1367. Pennhurst State Sch. & Hosp., 465 U.S. at 121 ("neither pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment."). Thus, in the absence of constitutional authority to adjudicate a claim, the presence of statutory authority is irrelevant. See generally, Erwin Chemerinsky, Federal Jurisdiction, § 5.1 at 258 (3d ed. 1999) ("Federal courts have limited subject matter jurisdiction and may only hear a case when there is both constitutional and statutory authority for federal jurisdiction.").[3]

The Court holds that the State of New Jersey has not waived its Eleventh Amendment immunity to suits in federal court as to the state law tort claims, and therefore those claims must be dismissed.

**IV.**

---

[3] This concept is commonly illustrated in cases where the Court has statutory federal question subject matter jurisdiction but lacks jurisdiction pursuant to Article III of the Constitution. See, e.g., Purpura v. Sebelius, 446 F. App'x 496, 498 (3d Cir. 2011) ("In support of their standing argument, appellants cite Bond v. United States, 564 U.S. 211 (2011), for the proposition that federal courts possess jurisdiction over an action as long as that action presents a federal question. However, contrary to appellants' argument, Bond did nothing to upend the well-established [Article III] standing rules detailed above.").

7

For the above-stated reasons, the State Defendants' Motion to Dismiss the state law tort claims will be granted, and the State Defendants will be terminated as parties to this suit. An appropriate Order accompanies this Opinion.


Dated: June 12, 2019                    __s/ Renée Marie Bumb____
                                        Renée Marie Bumb, U.S.D.J.