IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CAMDEN COUNTY HISTORICAL SOCIETY,<br><br>    Plaintiff,<br><br>    v.<br><br>STATE OF NEW JERSEY DEPARTMENT OF TRANSPORTATION, et al.,<br><br>    Defendants. | Civil No. 17-5270 (RMB/AMD)<br><br>**OPINION** |

APPEARANCES:

POSTERNOCK APELL, P.C.
By: Matthew R. Litt, Esq.
400 N. Church Street, Suite 250
Moorestown, New Jersey 08057
    Counsel for Plaintiff Camden County Historical Society

OFFICE OF THE ATTORNEY GENERAL OF NEW JERSEY
By: Brad M. Reiter, Esq.
    Fredric R. Cohen, Esq.
    Michael R. Sarno, Esq.
Richard J. Hughes Justice Complex
25 Market Street, P.O. Box 114
Trenton, New Jersey 08625
    Counsel for Defendants the New Jersey Department of
    Transportation, Richard T. Hammer, and David C. Mudge

OFFICE OF THE UNITED STATES ATTORNEY, DISTRICT OF NEW JERSEY
By: Elizabeth A. Pascal, Esq.
401 Market Street, P.O. Box 2098
Camden, New Jersey 08101
    Counsel for U.S. Department of Transportation;
    Secretary of the U.S. Department of Transportation,
    Elaine L. Chao; the Federal Highway Administration;
    and Former Acting Director of the Federal Highway
    Administration, Walter Waidelich, Jr.

**BUMB**, UNITED STATES DISTRICT JUDGE:

This suit arises out of the demolition of the historic Harrison House to make room for a federally-funded highway project. This opinion is the third of three opinions addressing the arguments raised by Defendants in their respective motions. The first opinion held that the National Historic Preservation Act, 54 U.S.C. § 306108 ("NHPA"), does not create a private right of action, and therefore dismissed Count 1 of the Amended Complaint. See Camden Cty. Historical Soc'y v. Dep't of Transportation, 371 F. Supp. 3d 187 (D.N.J. March 6, 2019).[1] The second opinion held that the State of New Jersey had not waived its Eleventh Amendment sovereign immunity to the state law claims asserted by the Historical Society, and therefore dismissed Counts 3 and 5 of the Amended Complaint. See Camden Cty. Historical Soc'y v. Dep't of Transportation, 2019 WL 2443101 (D.N.J. June 12, 2019). This final opinion addresses the Federal Defendants' "Motion for Summary Judgment and to Dismiss for Lack of Subject Matter Jurisdiction" as to the Administrative Procedure Act, 5 U.S.C. § 706(2)(a) ("APA"), claim against them (Count 2 of the Amended Complaint). The Court requested supplemental argument on the issues raised by the motion [see Docket No. 81], and the Court heard supplemental

---

[1] The Court also dismissed without prejudice, pursuant to Fed. R. Civ. P. 41(a)(1), Count 4 of the Amended Complaint. Camden Cty. Historical Soc'y, 371 F. Supp. 3d at 189 n.2.

arguments on July 30, 2019. As set forth below, the Court holds that the only remedy available under the APA for the alleged NHPA violation is a section 106[2] review, and in this case the Historical Society's request for such relief is moot. Therefore, the Federal Defendants' Motion to Dismiss will be granted.

**I.**

The Court has comprehensively set forth the facts of this suit in two previous opinions, see Camden Cty. Historical Soc'y v. Dep't of Transportation, 371 F. Supp. 3d 187 (D.N.J. March 6, 2019) and Camden Cty. Historical Soc'y v. Dep't of Transportation, 2019 WL 2443101 (D.N.J. June 12, 2019). The facts as set forth therein are incorporated herein by reference.

**II.**

Rule 12(b)(1) motions may challenge subject-matter jurisdiction based upon the complaint's face or its underlying facts. Pittman v. Metuchen Police Dept., No. 08-2373, 2009 WL 3207854, *1 (D.N.J. Sept. 29, 2009) (citing James Wm. Moore, 2 Moore's Federal Practice § 12.30[4] (3d ed. 2007)). "A facial attack questions the sufficiency of the pleading, and in reviewing a facial attack, a trial court accepts the allegations in the complaint as true." Id.

---

[2] "Section 106" of the NHPA is found at 54 U.S.C. § 306108.

**III.**

Two issues are presented by the instant motion: (A) Pursuant to the APA, 5 U.S.C. § 702, what remedies are available to the Historical Society for the alleged NHPA violation? and (B) Is the Historical Society's request for a new section 106 review moot?  The Court addresses each question in turn.

**A.**

Although the Historical Society seeks broad relief for the asserted APA violation[3], the Court concludes that the only remedy available under the APA for the alleged NHPA violation is a section 106 review; all other remedies are barred by sovereign immunity.

Under § 702, a plaintiff is only entitled to that which the NHPA gives it.  U.S. v. Chambers, 92 F. Supp.2d 396, 400 (D.N.J. 2000) (applying Bowen v. Massachusetts, 487 U.S. 879 (1988) and Dep't of the Army v. Blue Fox, Inc., 525 U.S. 255 (1999)).  The

---

[3] See Amended Complaint p. 37 "Relief Sought" ¶ 2, demanding "[a]n Order directing Defendants Federal Highway Administration, United States Department of Transportation, and New Jersey Department of Transportation to consult in good faith with Plaintiffs as that term is used in the National Historic Preservation Act to minimize and/or mitigate the effects of the demolition of Harrison House. Examples of such a post-demolition minimization and/or mitigation include the provision of resources to create a replica of the Harrison House, Revolutionary War museum, monument commemorating the Harrison House, ghost structure at the site of the Harrison House, commemorative signage, possession of all remaining artifacts, and an intensive-level archeological excavation."

parties do not dispute that the NHPA only creates a procedural right-- a "right"[4] to a section 106 review. 54 U.S.C. § 306108 ("section 106") ("The head of any Federal agency . . . shall . . . take into account the effect of the undertaking on any district, site, building, structure, or object that is included in or eligible for inclusion in the National Register."); 36 C.F.R. § 800.29(c)(5) ("organizations" such as the Historical Society "may participate [in the § 106 process] as consulting parties"); Friends of the Atglen-Susquehanna Trail, Inc. v. Surface Transp. Bd., 252 F.3d 246, 252 (3d Cir. 2001) ("The NHPA is a *procedural* statute designed to ensure that, as part of the planning process for properties under the jurisdiction of a federal agency, the agency takes into account any adverse effects on historical places from actions concerning that property.") (emphasis added). Therefore, under the APA, the only relief available to the Historical Society for the alleged NHPA violation is a section 106 review.[5] All other relief is

---

[4] This issue is analytically distinct from the Court's previous holding that the NHPA does not create a private right of action, in part because "the NHPA does not create a *personal, privately enforceable* right." Camden County Historical Society, 371 F.Supp.3d at 193 (D.N.J. 2019).

[5] See Friends of the Atglen-Susquehanna Trail, 252 F.3d at 267 ("In determining to vacate and remand this matter, we in no way suggest that FAST is entitled to the relief it seeks. . . . We hold only that, on remand, the STB must conduct the § 106 process in accordance with the regulations. It must consider the comments and opinions of the Keeper, the ACHP, and other

5

barred by sovereign immunity. Blue Fox, 525 U.S. at 261 (explaining that § 702 is a limited waiver of sovereign immunity and that waiver "is to be strictly construed, in terms of its scope, in favor of the sovereign."); Bowen, 487 U.S. at 891-92 (explaining that § 702 is a limited waiver of sovereign immunity).[6] Thus, even the Historical Society's demand for commemorative signage, which the Historical Society suggested at oral argument is *de minimus* in nature and not tantamount to money damages, is barred by sovereign immunity because the Historical Society never had an entitlement to such relief under the NHPA in the first instance. In this regard, the demand for commemorative signage and other similar forms of relief are, contrary to the Historical Society's argument, compensatory in nature-- i.e., they are substitutes for the section 106 review process and are therefore barred. Blue Fox, 525 U.S. at 262 ("Damages are given to the plaintiff to substitute for a suffered loss, whereas specific remedies are not substitute remedies at all, but attempt to give the plaintiff the very

---

interested parties as to the scope of the eligible historic properties and as to a proper mitigation plan.").

[6] See generally, Wright, Miller, Cooper, Kane, et al., 14 Fed. Prac. & Proc. Juris. § 3659 (4th ed.) "Statutory Exceptions to Sovereign Immunity-- Actions for Nonmonetary Relief under the Administrative Procedure Act."

thing to which he was entitled.") (internal citation and quotation omitted).

Thus, the Historical Society's broad demand for relief notwithstanding, the only legally available remedy for the asserted APA violation is an NHPA section 106 review. As discussed next, however, the Historical Society's request for such relief in this case has been rendered moot by the demolition of the Harrison House.

**B.**

Courts have held under similar factual circumstances that the destruction of "the site, building, structure, or object that is . . . eligible for inclusion in the National Register," 54 U.S.C. § 306108, renders moot a plaintiff's claim for a new section 106 review. See <u>Benavides v. Housing Authority of City of San Antonio</u>, 238 F.3d 667, 670 (5th Cir. 2001)("even assuming we were to grant complete relief to Benavides and order the compliance with the historic review process, there is no evidence on the record that further agency review could possibly affect the substantially-completed demolition of Victoria Courts. Benavides' claims for prospective relief based on the National Historic Preservation Act are moot."); <u>Standing Rock Sioux Tribe v. U.S. Army Corps of Engineers</u>, 301 F. Supp. 3d 50, 63 (D.D.C. 2018) ("The specter of mootness raised in Standing Rock's earlier filings has now come to pass-- construction is

7

complete and oil is flowing through the pipeline. This advancement in DAPL's development in turn dooms Yankton's NHPA efforts. The Tribe's first three claims mentioned above are explicitly premised on alleged violations of the consultation requirements under § 106 of the Act.  Now that construction of the pipeline has occurred, the Court agrees with Defendants (and the Standing Rock Sioux) that such consultation would no longer be meaningful."); cf. Gettysburg Battlefield Pres. Ass'n v. Gettysburg Coll., 799 F. Supp. 1571, 1575 (M.D. Pa. 1992), aff'd without opinion by 989 F.2d 487 (3d Cir. 1993) ("The complaint alleges that the federal defendants similarly failed to undertake the required NHPA review prior to the transfer of the 7.5 acre parcel, and apparently seeks the court to order it be done now. . . . This is not an otherwise living case and the redress sought is unavailable.").[7]  Thus, the Court concludes

---

[7] Commission to Save Cleveland's Huletts v. U.S. Army Corps of Engineers, 163 F. Supp. 2d 776, 788 (N.D. Ohio 2001) holds to the contrary, but does so exclusively relying on Vieux Carre Property Owners v. Brown, 948 F.2d 1436 (5th Cir. 1991), which subsequently has been strictly limited and distinguished by Benavides, 238 F.3d at 670 (5th Cir. 2001) (holding NHPA claim moot and explaining, "[w]e have since interpreted Vieux Carre narrowly. . . . [A]lthough it may appear under Vieux Carre that any amount of remaining demolition or construction means that the case is not moot because theoretical relief is available, our subsequent case law indicates that it was the combination of the uncertainty surrounding the pending agency review and the partial state of the construction that contributed to the viability of the plaintiff's claims.").  This Court is not bound to follow Save Cleveland's Huletts, and declines to follow it based on the reasoning set forth in the subsequent Benavides decision.

that, in light of the destruction of the Harrison House, ordering a new section 106 review would be futile, and therefore such request for relief is moot.

It is very unfortunate, indeed, that a structure such as the Harrison House, which the Historical Society considers "a national, regional, and local historic treasure," [Amend. Compl. ¶ 1] (regardless of its legal eligibility for placement on the National Register) has been forever destroyed. The Court appreciates that by its rulings the Court has effectively denied the Historical Society all relief, and this is the end of the entire lawsuit for the Historical Society in pursuit of its mission. As another court has observed, this result may appear to be unfair. Cf. Nat'l Tr. for Historic Pres. v. Blanck, 938 F. Supp. 908, 925 (D.D.C. 1996) ("It may seem ironic for the Court to find that Walter Reed violated the NHPA and its own regulations for over eight years and nevertheless to conclude that the Army cannot now be ordered to fix what it undoubtedly broke.")[8] However, under the APA and NHPA, this Court's review and attendant power to remedy violations, no matter how egregious they seem, is limited. Through the APA and the NHPA,

---

[8] Aff'd, 203 F.3d 53 (D.C. Cir. 1999). To be clear, in this case, the Court does not reach the summary judgment portion of the Federal Defendants' motion (review of the administrative record), and the Court makes no ruling as to whether the Harrison House was eligible for listing on the National Historic Registry.

9

"Congress has decided as a legislative matter . . . to institutionalize the national commitment to historic preservation by creating certain planning, consultation and decisionmaking procedures to assure adequate consideration of preservationist concerns and not, as plaintiffs would have it, by requiring federal agencies to spend the taxpayers' money on historic preservation when it is not earmarked for such purposes."  Id.  Accordingly, it is not for this Court to disturb the judgment of Congress, and the APA claim must be dismissed.

**IV.**

For the above-stated reasons, the Federal Defendants' Motion to Dismiss Count 2 of the Amended Complaint will be granted.  An appropriate Order accompanies this Opinion.

Dated:  October 29, 2019          __s/ Renée Marie Bumb____
                                  Renée Marie Bumb, U.S.D.J.